UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

GARY OWEN GROVES,

                  Plaintiff,

-against-

OAKLEIGH THORNE III, OAKLEIGH THORNE IV,
FELICITAS THORNE, OAKLEIGH THORNE TRUST,
THORNDALE EQUIPMENT AND LIVESTOCK, LLC,
THORNDALE FARMS, INC., THORNDALE FARMS, LLC,
THORNDALE FARM, SEAN FOLEY,

                  Defendants.

------------------------------------------------------------------------X

Index No.:

**COMPLAINT**

**JURY TRIAL**
**DEMANDED**

The plaintiff, Gary Owen Groves, by his attorneys, Hoguet, Newman, Regal & Kenney, complains of the defendants and alleges as follows:

## NATURE OF ACTION

1. This is an action to recover unpaid overtime wages for hours worked from defendants in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 207 and 216(b) (the "FLSA").

2. Plaintiff further seeks unpaid overtime compensation (including spread of hours pay) as required by New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations, 12 NYCRR §§ 142-2.2 and 142-2.4; and damages for unlawful termination of employment due to a disability in violation of the New York Executive Law, §§290 et. seq.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216 and 28 U.S.C. §§ 1331 and 1367.

4.  Venue is proper in this district pursuant to 28 U.S.C. §1391 as Plaintiff performed the substantial amount of his work for Defendants in the Southern District of New York.

## THE PARTIES

5.  Plaintiff Gary Owen Groves is an individual who, at all relevant times, resided in the town of Millbrook, County of Dutchess, New York.

6.  Defendant Oakleigh Thorne III ("Mr. Thorne III") is an individual residing in Millbrook, New York.

7.  Defendant Felicitas Thorne ("Mrs. Thorne") is an individual residing in Millbrook, New York.

8.  Defendant Oakleigh Thorne IV ("Mr. Thorne IV") is an individual residing in Millbrook, New York.

9.  Mr. Thorne III and Mrs. Thorne are husband and wife. Mr. Thorne IV is their son. These three individuals will be referred to collectively herein as "the Thornes."

10. The Thorne family, including Mrs. Thorne, owns an estate (the "Estate") in Millbrook, New York on which they have several residences, including a mansion known as Thorndale.

11. The Estate has a staff of approximately seven employees, including, prior to his termination, Mr. Groves, both full and part-time, some of whom are paid off the books and some of whom are undocumented aliens.

12. Upon information and belief, the Oakleigh Thorne Trust (the "Trust") is an entity from which some or all of the expenses of running the Estate are paid, including Mr. Groves' compensation.

13. The Thorne Family is also involved in a number of businesses in Millbrook, New York, some or all of which contain the word "Thorndale" (or "Thornedale") in their names.

14. Upon information and belief, defendant Thorndale Equipment and Livestock, LLC is a New York limited liability company with its principal place of business in Millbrook, New York.

15. Upon information and belief, defendant Thorndale Farms, Inc. is a New York corporation, possibly inactive, with its principal place of business in Millbrook, New York.

16. Upon information and belief, defendant Thorndale Farms, L.L.C. is a Delaware limited liability company that does business in Millbrook, New York.

17. Upon information and belief, defendant Thorndale Farm is a sole proprietorship that does business in Millbrook, New York and is owned by either Mr. Thorne III or Mr. Thorne IV.

18. Upon information and belief, the four above-described Thorndale corporate entities (collectively "the Thorndale Companies") engage in such businesses as trust management; raising cattle; and breeding, boarding and training racehorses.

19. Upon information and belief, each of the Thornes has an ownership interest and exercises a management function vis-a-vis each of the Thorndale Companies.

20. Upon information and belief, the Estate, the Trust and the Thorndale Companies (together, the "Thorndale Employer") have common management, interrelated operations, centralized control of labor relations, and common ownership, such that they constitute a "single employer" under the FLSA.

21. Defendant Sean Foley is an individual residing in Millbrook, New York. He was employed by the Estate, The Trust and/or some or all of the Thorndale Companies in a managerial capacity.

22. Defendant Sean Foley regularly supervised the work of Mr. Groves.

## STATEMENT OF FACTS

### The Thorndale Employer Never Paid Mr. Groves Overtime Pay

23. Starting in or about May 2003, Mr. Groves was employed by the Thorndale Employer as a caretaker and performed manual labor.

24. Mr. Groves' duties included maintaining the Estate's lawns and gardens, maintaining the Thorne's fleet of automobiles, doing maintenance work on the mansion and other buildings around the Estate, acting as a driver for the Thornes and their guests, and sundry other tasks on an as-needed basis, such as parking cars during functions at the Estate.

25. Mr. Groves was not involved in the cattle or horse operations.

26. Mr. Groves was hired at an annual salary of $34,000 per year.

27. When Mr. Groves was hired, there was no discussion of whether he was expected to work overtime.

28. Mr. Groves received regular salary increases and as of December 2008, Mr. Groves' salary was $43,499 per year.

29. Mr. Groves' base compensation also included lodging in the Estate's gatehouse for himself and his family, which, upon information and belief, had a value as of the date of his termination, of $17,540 per year.

30. Mr. Thorne III, Mr. Thorne IV, Mrs. Thorne and/or Sean Foley each constitute employers under the FLSA and the New York Labor Law because, upon information and belief, each had the power to hire and fire Mr. Groves; supervised and controlled Mr. Groves' work schedule and conditions of employment; determined Mr. Groves' rate and method of payment and each had a duty to maintain employment records for Mr. Groves.

31. Mr. Groves often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Mr. Groves overtime compensation of one and a half times his regular hourly rate, in violation of the FLSA and New York law.

32. Mr. Groves sometimes worked in excess of 10 hours a day, yet Defendants willfully failed to pay Mr. Groves an additional payment of one hour's pay pursuant to 12 N.Y.C.R.R §142-2.4 ("spread of hours" pay).

33. Upon information and belief, throughout all relevant time periods, and during the course of Mr. Groves' employment, the Defendants failed to maintain accurate and sufficient time records and failed to post or keep posted a notice explaining the overtime pay rights provided by the FLSA.

**The Thorndale Employer Fired Mr. Groves Because He was Injured on the Job.**

34. On or about December 12, 2008, Mr. Groves suffered a herniated disc while lifting heavy garden arbors as part of his duties as caretaker of the Estate.

35. On or about January 5, 2009 Mr. Groves informed Mrs. Thorne that due to his injury he had filed a Workers' Compensation claim. On that same day, one or all of the Defendants decided to terminate Mr. Groves.

36. Throughout his employment, Mr. Groves had performed his duties in a competent and satisfactory manner and was well-regarded by Defendants.

37. Mr. Groves was never informed of any performance problems or concerns.

38. In addition to regular raises, Mr. Groves received annual bonuses

39. In or about October 2007, Mrs. Thorne persuaded Mr. Groves to reject another employment offer and remain employed at the Estate, and gave him a pay raise in order to induce him to stay.

40. Mr. Groves was fired on January 14, 2009.

41. His termination letter was dated January 5, 2009 – the same day that he told Mrs. Thorne he had filed a Workers' Compensation claim.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

42. Mr. Groves repeats and realleges paragraphs 1 through 41 as if fully set forth herein.

43. At all relevant times, the Thorndale Employer was an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 207(a).

44. Upon information and belief at all relevant times, the Thorndale Employer has annual gross revenues in excess of $500,000.

45. Mr. Groves, as a caretaker, was a domestic employee, covered by the FLSA pursuant to 29 U.S.C. §202(a).

46. At all relevant times, Defendants had a policy and practice of refusing to pay all overtime compensation owned to their employees for their hours worked in excess of 40 hours per week.

47. As a result of the Defendant's failure to compensate Mr. Groves for overtime at a rate not less than one and one half times the regular rate of pay for work performed in excess of 40 hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 207(a)(1) and 215(a).

48. At least one employee expressly asked one or all of the Defendants for overtime compensation. One or all of Defendants said that the employees were not entitled to receive overtime pay. Thereafter, Defendants continued to fail to pay overtime, making their violation willful.

49. The foregoing conduct alleged constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a), entitling Mr. Groves to back pay and damages for a three-year period. Defendants have demonstrated further willful conduct by refusing to comply with the law in that they: (1) employ undocumented workers, (2) pay some employees off the books, (3) fired Mr. Groves the same day he informed Mrs. Thorne that he exercised his workers compensation rights.

50. Due to the Defendants' willful FLSA violations, Mr. Groves is entitled to recover from the Defendants his unpaid overtime compensation, an equal amount as liquidated damages, attorneys' fees, and costs and disbursements of this action, pursuant to 29 U. S. C. § 216 (b).

## SECOND CLAIM FOR RELIEF
## NEW YORK LABOR LAW

51.     Mr. Groves repeats and realleges paragraphs 1 through 50 as if fully set forth herein.

52.     At all relevant times, Mr. Groves was employed by the Defendants within the meaning of New York Labor Law §§ 2 and 651.

53.     Defendants willfully violated Mr. Groves' rights by failing to pay him overtime compensation at rates not less than one and one half times the regular rate of pay for each hour worked in excess of 40 hours in a workweek, in violation of New York Labor Law §§ 650 et seq. and 12 NYCRR §142-2.2.

54.     Defendants further willfully violated Mr. Groves' rights by failing to pay him an additional payment of one hour's pay on every day that he worked more than ten hours, in violation of 12 N.Y.C.R.R §142-2.4.

55.     Due to the Defendants' willful New York labor law violations, Mr. Groves is entitled to recover from defendants his unpaid overtime compensation (including spread of hours pay), an additional amount as liquidated damages equal to twenty-five percent of his unpaid overtime pay, reasonable attorney's fees, and costs and disbursements of the action, pursuant to Labor Law § 663 (1).

## THIRD CLAIM FOR RELIEF
## VIOLATION OF THE NEW YORK STATE HUMAN RIGHTS LAW

56.     Mr. Groves repeats and realleges paragraphs 1 through 55 as if fully set forth herein.

57.     Throughout his employment, Mr. Groves performed his duties in a competent and satisfactory manner and was well-regarded by Defendants.

8

58. In or about October 2007, Mrs. Thorne persuaded Mr. Groves to reject another employment offer and remain employed at the Estate, and gave him a pay raise in order to induce him to stay.

59. On or about December 12, 2008, Mr. Groves suffered a herniated disc while lifting heavy garden arbors as part of his duties as caretaker of the Estate.

60. Mr. Groves' herniated disc constitutes a disability under N.Y. Exec. Law § 292(21), as it is a physical impairment resulting from an anatomical or physiological condition which prevents the exercise of a normal bodily function, or is demonstrable by medically accepted clinical or laboratory diagnostic techniques.

61. In the alternative, Defendants regarded Mr. Groves as having an impairment that constitutes a disability.

62. Mr. Groves would have been able to perform the essential functions of his job with a reasonable accommodation such as a short-term leave of absence or a temporary light duty assignment. Indeed, Mr. Groves had performed some office work in the past, such as filing, sending faxes, creating work charts, etc. and he continued to do so after his injury.

63. On January 5, 2009, Mr. Groves informed Mrs. Thorne that he would be temporarily unable to work due to his work-related disability, that he needed time off and that he had filed for Workers' Compensation.

64. Defendants refused to consider giving Mr. Groves a short-term leave of absence, either paid or unpaid, a light-duty position or office work. Indeed, Defendants failed to engage in any type of interactive process regarding a reasonable accommodation.

65. Instead, immediately upon learning that Mr. Groves needed an accommodation and was disabled, Defendants decided to terminate his employment.

66. Defendants' letter to Mr. Groves terminating his employment is dated January 5, 2009 – the same day he informed Mrs. Thorne that he had filed a workers compensation claim -- although it was not delivered to Mr. Groves until January 14, 2009.

67. Defendants discriminated against Mr. Groves on the basis of his disability in violation of N.Y. Exec. Law. §§ 290 et. seq. by failing to provide a reasonable accommodation and by terminating him because of his disability, or because he was regarded as disabled.

68. Each of the Thornes is individually liable under the New York State Human Rights Law because he or she had an ownership interest in the Thorndale Employer; had the power to do more than carry out personnel decisions made by others; and/or directly participated in the discriminatory conduct alleged herein.

69. Sean Foley is individually liable under the New York State Human Rights Law because he had the power to do more than carry out personnel decisions made by others; and upon information and belief, he directly participated in the discriminatory conduct alleged herein.

70. In July 2008, one of the employees of the Estate required time off in order to have surgery. Rather than accommodate that employee's need for a leave of absence, Defendants terminated him.

71. Upon information and belief, Defendants have engaged in a pattern and practice of terminating disabled employees because of their disabilities.

72. As a result of the foregoing, Mr. Groves has suffered injury and incurred damages because of loss of employment (and housing) and because the actions of defendants have caused pain and suffering, embarrassment, humiliation, and mental and emotional distress.

## **PRAYER FOR RELIEF**

Wherefore Mr. Groves respectfully requests that this Court grant the following relief:

a. An award of unpaid overtime compensation (including spread of hours pay) due under the FLSA and the New York Labor Law;

b. An award of liquidated damages as a result of the Defendants' willful failure to pay overtime compensation, pursuant to 29 U.S.C. § 216 and New York Labor Law § 663;

c. An award of back pay and front pay pursuant to N.Y. Exec. Law §296;

d. An award of compensatory damages for pain and suffering, embarrassment, humiliation, and mental and emotional distress pursuant to N.Y. Exec. Law §296;

e. An award of prejudgment and post-judgment interest;

f. An award of the costs and disbursements of this action, together with reasonable attorneys' fees and expert fees; and

g. Such other and further relief as this Court deems just and proper

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Mr. Groves demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
      April 7, 2009

                    Respectfully submitted,

                    HOGUET NEWMAN REGAL & KENNEY, LLP

                    By: *[signature]*
                          Randi B. May (RSM 7115)

                    10 East 40th Street
                    New York, New York 10016
                    (212) 689-8808

                    *Attorneys for Plaintiff*